IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER BRIAN FIROR | * | |
|     Petitioner, | | |
| v. | * | CIVIL ACTION NO. JFM-16-1265 |
| WARDEN GEORGE HARDINGER | * | |
|     Respondent. | | |

\*\*\*\*\*

## MEMORANDUM

On April 28, 2016, the court received for filing the above-captioned self-represented 28 U.S.C. § 2241 petition for writ of habeas corpus by Christopher Brian Firor ("Firor"), a prisoner housed at the Carroll County Detention Center ("CCDC"). Firor states that in May of 2014, he was sentenced in in the Circuit Court for Carroll County to a cumulative five-year term in two criminal cases. He claims that on March 31, 2015, he was re-sentenced to consecutive 18-month terms to be served at the CCDC. ECF No. 1. Firor asserts that when re-sentenced he had already served 315 days on both sentences and complains that the credit for time served was not applied to his re-imposed sentence. He seeks the award of those credits and release from confinement. *Id.* Because he appears indigent, Firor's motion for leave to proceed in forma pauperis shall be granted.

Inasmuch as Firor is seeking the award of credits, which would go to the execution of his sentence, his action shall be construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. For reasons to follow the petition shall be dismissed.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil

rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Rose v. Lundy*, 455 U.S. 509 (1982). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose,* 455 at 523.

An inmate claiming an entitlement to an immediate release can seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

3. Seeking certiorari to the Court of Appeals from a decision by the Court of Special Appeals.

Although the state court docket (Maryland Judiciary Case indices)[1] show that no habeas corpus petition was received for filing in the state court, Firor presents an order from Circuit Court Judge J. Barry Hughes, dated January 12, 2016, which denies habeas corpus relief, but states that Firor is to be awarded 315 days credit for time served, which was to be applied to the suspended portion of one of his sentences. ECF No. 1-2. In addition, Judge Hughes ordered the issuance of an amended commitment. *Id.* Thus, it appears that Firor has received the relief he seeks here - the

---

[1] *See* http://www.casesearch.courts.state.md.us/inquiry.

2

award of 315 days of credit for time served.  His action shall be dismissed.  A separate Order follows.

Date: May 3, 2016

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge